IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA LYNN DLUGOPOLSKI, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Civil Action No.  20-1920 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 17 and 21).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 18 and 22).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 17) and granting Defendant's Motion for Summary Judgment. (ECF No. 21).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed her applications alleging her disability began on February 17, 2017, and later amended the onset date to August 19, 2017. Administrative Law Judge ("ALJ"), Brian M. Steger, held a hearing on January 18, 2019, during which time Plaintiff was unrepresented. (ECF No. 8-2, pp. 90-100).  The ALJ concluded that the record required further development and the claimant agreed. *Id.*  As a result, the hearing was continued. *Id.*   On August 7, 2019, the ALJ held an additional hearing at which time Plaintiff was represented by counsel.  (ECF No. 8-2, pp. 38-88).  At the conclusion of the hearing Plaintiff's counsel requested the ALJ hold the record open to submit additional evidence – a

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

report from an upcoming neuropsychological evaluation by Dr. Franzen. *Id.* at 87. Counsel submitted the additional evidence in November of 2019 and requested supplemental questions be submitted to the vocational expert. (ECF No. 8-6, pp. 102, 105-106). February 25, 2020, the ALJ denied the request for a supplemental hearing or to otherwise pose additional questions to the vocational expert and rendered a decision that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 14-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 17 and 21). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Supplemental Hearing

Plaintiff first argues that the ALJ abused his discretion by denying request for a supplemental hearing and/or to submit additional questions to the vocational expert. (ECF No. 18, pp. 10-16). In this regard, Plaintiff first suggests that it was a clear abuse of discretion and a failure by the ALJ to carry out his duty to develop the record when he said that neither a hearing nor supplemental interrogatories was required because it was Plaintiff and not the

Agency that produced the post-hearing report.  (ECF No. 18, pp. 13-14).  After a review of the record, I disagree.

In the decision, the ALJ discussed all of his reasons for denying the request at length.[2]  (ECF No. 8-2, pp. 15-16).  For example, the ALJ explained that the neuropsychological report

---

[2] The ALJ's discussion on this point is as follows:

> On a final administrative note, when the representative submitted that neuropsychological report in November 2019, he requested to submit supplemental questions to the vocational expert or, alternatively, a favorable decision.  (Exhibit 28E).  That request is denied because, as discussed in detail below, the substantial evidence of record, including the post-hearing neuropsychological evaluation report, is not fully consistent with the claimant's allegations of entirely disabling limitations stemming from her severe impairments.  Furthermore, the post-hearing neuropsychological report does not contain clinical findings or opinions about functional limitations exceeding those already discussed at the hearing and provided in hypotheticals to the vocational expert.
>
> Specifically, the representative sent correspondence to this office on February 10, 2020, and requested to submit or otherwise hold a hearing to ask supplemental questions to the vocational expert in light of the evidence and opinions set forth in the post-hearing neuropsychological evaluation.  (Exhibit 30E).  The representative asserted the psychological examiner, Michael Franzen, Ph.D., noted the claimant needs reminders on a small printed piece of paper detailing assigned work tasks, and that she also needs to work in an environment relatively distraction free from interactions with the public or coworkers.  (Exhibit 30E).  However, Dr. Franzen's report shows he found the claimant displayed below average, but generally intact, memory, and he simply noted "information which she needs to learn and remember *could* be presented to her in visual form such as a small printed note."  (Exhibit 20F).  As such, Dr. Franzen did not specifically opine or otherwise conclude the claimant definitively needs such reminders to function in a competitive workplace.  Furthermore, the residual functional capacity adequately considers the claimant's memory difficulties by finding her limited to the performance of simple tasks that do not involve any production rate, pace, or quota requirements.  Similarly, while Dr. Franzen did recommend that the claimant engage in cognitive tasks in a relatively distraction free environment, the residual functional capacity contains the exact limitations the representative states he would propose to the vocational expert in supplemental questioning; that the claimant is limited to occasional interaction with the general public, supervisors, and coworkers, and entirely precluded from performing tandem tasks or working in a team environment.  As such, the residual functional capacity contains substantially similar limitations as those the representative proposes to ask the vocational expert about in a supplemental hearings.  Also, the representative had ample opportunity to cross examine the vocational expert at the hearing, and the representative did pose numerous questions to the vocational expert, including specific questioning about interaction with the general public.  (Hearing Testimony).  Finally, the representative is the one who produced the post-hearing neuropsychological report, and it is that report which gives rise to the representative's request for supplemental inquiry of the vocational expert.  The rules and regulations do not require or otherwise mandate an Administrative Law Judge to hold a supplemental hearing allowing a claimant the opportunity to further examine evidence that a claimant, as opposed to the Agency, proffered and submitted into the record.  For these reasons, the claimant's request for a supplemental hearing, or to otherwise pose additional questions to the vocation expert, is DENIED.  This case is ripe for disposition.

(ECF No. 8-2, pp. 15-16).

"did not contain clinical findings or opinions about functional limitations exceeding those already discussed at the hearing and provided in hypotheticals to the vocational expert." (ECF No. 8-2, p. 15). At the end of the discussion, the ALJ additionally indicated that the rules and regulations do not require or otherwise mandate him to hold a supplemental hearing under the circumstances of this case. (ECF No. 8-2, p. 16). Plaintiff does not argue that this is an incorrect statement or that the ALJ was required to hold a supplemental hearing or submit the questions to the vocational expert (VE). *See*, ECF No. 18. In fact, in his letter to the ALJ, counsel acknowledges this when he writes: "I ask that other than a supplemental interrogatory, at this Court's discretion being submitted to a vocational expert, that the record be closed." (ECF No. 8-6, p. 106). Consequently, I find no merit to the argument that it was an abuse of discretion or a failure of his duty to develop the record for stating that the rules and regulations do not require a hearing or supplemental interrogatories.

Furthermore, at the hearing the ALJ was clear that the question of whether a supplemental hearing and/or interrogatories were necessary would be determined at a later date: "I think we can go forward with the hearing today. We can elicit whatever testimony we need from the claimant, and develop our hypotheticals, the vocational expert, based on the record that we have existing, as well as whatever she testifies to, if there are additional limitations that she thinks are present, and that may be discovered with this additional neuropsychological testing. And then if needed, we can come back for a supplemental hearing and send out VE interrogatories. But hopefully, we can address all of the potential hypotheticals today with the vocational expert. And then we won't have to come back for a supplemental hearing." (ECF No. 8-2, p. 42). While Plaintiff suggests that "it was impossible to know what questions to ask the VE about the results of a neuropsychological evaluation that had not yet been conducted at the time of the ALJ hearing," (ECF No. 18, p. 15), this argument does not negate the fact that a supplemental hearing/interrogatories is not required and the ALJ did not promise the same.

The ALJ set forth in detail the various reasons for denying the request for a supplemental hearing and/or interrogatories.  *See*, *supra,* Footnote Number 2.  Based on a review of the record, I find the reasons given are appropriate and properly supported.  *Id.*  The ALJ acted within the scope of his discretion by not ordering a supplemental hearing or interrogatories, no further development was necessary, and the ALJ did not abuse his discretion.  Therefore, remand is not warranted on this basis.

C. <u>**Residual Functional Capacity (RFC)**</u> [3]

Plaintiff also argues that the ALJ improperly determined her RFC.  (ECF No. 18, pp. 16-20).  Specifically, Plaintiff argues that there is substantial evidence to support her position that she is not able to perform the work set forth in the ALJ's RFC finding.  *Id.*  To be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Therefore, Plaintiff's conclusion in this regard is misplaced.  As a result, remand is not warranted on this basis.

Finally, Plaintiff seems to argue in a sentence that the ALJ erred by failing to give great weight to her testimony.  In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

6

medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  20 C.F.R. §§404.1529(c), 416.929(c).  The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.*  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).  After a review of the record, I find that the ALJ followed the proper method as set forth above.  (ECF No. 8-2, pp. 14-30).  For example, the ALJ considered Plaintiff's statements and found them to be inconsistent with the medical and other evidence in the record.  *Id.*  Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision for discounting Plaintiff's statements.  Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

      An appropriate order shall follow.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA LYNN DLUGOPOLSKI, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Civil Action No.  20-1920 |
| ) | |
| KILOLO KIJAKAZI,[4] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 30th day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 17) is denied and Defendant's Motion for Summary Judgment (ECF No. 21)  is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.